Jerry Leon MENEAR, Appellant,

v.

Tully J. SULLIVAN, Appellee.

No. 3495.

District of Columbia Court of Appeals.

Argued June 1, 1964.

Decided July 17, 1964.

William A. Mann, Washington, D. C., with whom Allan C. Swingle, Francis C. O'Brien and William T. Clague, Washington, D. C., were on the brief, for appellant.

Erwin A. Alpern, Washington, D. C., for appellee. Karl G. Feissner and Karl F. von Klatt, Washington, D. C., also entered appearances for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by appellee to recover for property damage to his taxicab and personal injuries sustained as the result of a collision with a car driven by appellant. Appellant filed a counterclaim seeking compensation for his own property damage and personal injuries. At the close of all the evidence the trial judge entered a finding for appellee on both the complaint and counterclaim.

The principal issue presented was the time of the accident. The collision took place on Thirteenth Street, N.W., at a time in the morning when it becomes one way for southbound traffic (7:00 a. m.). Prior to that hour the street has traffic in both a northerly and southerly direction. It was undisputed that when the impact occurred appellant was traveling south in the curb lane otherwise used by northbound traffic, and that appellee was traveling north in the same lane. The time at which the collision occurred was crucial in determining which vehicle was properly in the curb lane.

Evidence from police records was introduced which established that a scout car was dispatched to the scene at 7:03 a. m. Testimony was given by an impartial witness from which the probable time span in reporting the accident to the police could be estimated. Additional testimony was given to show the approximate time at which appellant and appellee arrived at the scene based on the speeds and distances traveled from their last locations. An issue of fact was presented, therefore, as to the precise moment at which the accident occurred. In such a situation our scope of review is limited.

After carefully reviewing the whole record we cannot say that the trial finding for appellee was clearly erroneous or that the evidence was insufficient to support an award in his favor.

Affirmed.